**In the Matter of Arlo W. REMMEN, Debtor.**

**Bankruptcy No. BK97–42014.**

United States Bankruptcy Court. D. Nebraska.

June 19, 1998.

Michael Heavey, Papillion, NE, for Debtors/Applicant.

Arlo W. Remmen, Ashland, NE, Pro se.

Jerry L. Jensen, Omaha, NE, for United States Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 11 bankruptcy case is before the court to consider an Application for Compensation by Michael Heavey, debtor's counsel, Objection by the United States Trustee, and Objection by Debtor. I conclude that debtor's counsel was not disinterested at the time he was employed, that he failed to disclose compensation received before and after the filing of the bankruptcy petition, that the Application is denied, and that he shall disgorge fees.

On October 10, 1997, the debtor, Arlo Remmen, filed this Chapter 7 bankruptcy case. A related debtor, Ashland Salvage, Inc., filed a Chapter 11 petition on November 13, 1997. On November 28, 1997, a number of pleadings were filed on the debtor's behalf by attorney Michael Heavey, as counsel for the debtor-in-possession. These pleadings included (i) a Motion to Convert the Chapter 7 case to a Chapter 11 case; (ii) an Objection to a pending Motion for Relief from Automatic Stay; (iii) an Application to Employ Attorney Michael Heavey under General Retainer to represent the debtor-in-possession in the Chapter 11 bankruptcy case; and (iv) an Affidavit of disinterest by Michael Heavey. Mr. Heavey states in his Affidavit that, among other things, "I do not maintain any connection with the debtors, or any other party in interest, or their respective attorneys" and that I do not "represent an interest adverse to the debtor or the estate in the matters upon which I am to be engaged." On December 1, 1997, the court entered an order for relief under Chapter 11. On December 12, 1997, the court approved retention of Mr. Heavey as counsel for the Chapter 11 debtor-in-possession.

On December 12, 1997, the court granted relief from the automatic stay to Lee Sapp Leasing, Inc. in this case and in the companion case, Ashland Salvage, Inc., with respect to certain of debtor's equipment. There have been no further significant developments in either case. No plan of reorganization has been filed. On February 9, 1998, Mr. Heavey filed a motion for leave to withdraw as counsel for the debtor, and it was approved. On March 9, 1998, Mr. Heavey, filed his application for compensation which is now before the court.

■ I conclude, as a finding of fact, that at the time Mr. Heavey entered an appearance in this case, and at the time he filed his application for retention as debtor's counsel on November 28, 1997, he was a creditor of the debtor, Arlo Remmen. Prior to the commencement of the bankruptcy proceedings, Mr. Heavey had represented Mr. Remmen in connection with a replevin action commenced by Transit Mills in Nebraska state court. Mr. Heavey was still owed money for legal services related to the replevin action. Prior to the filing of the bankruptcy petition, Mr. Heavey was paid $500.00 in partial payment for the pre-petition legal services, but he was still owed money for these services at the time he entered an appearance in this case.

Because Mr. Heavey is a creditor of the bankruptcy estate, he is not disinterested within the meaning of section 327(a). Under 11 U.S.C. § 327(a), a debtor-in-possession may only employ individuals who do not hold or represent an interest adverse to the bankruptcy estate, and that are disinterested persons. The definition of "disinterested person" in 11 U.S.C. § 101(14)(A) provides that a person is disinterested if that person is not a creditor, an equity security holder, or an insider. Because Mr. Heavey was a creditor, he was not disinterested.

■ In the Eighth Circuit, it is well-settled that an attorney who holds a pre-petition claim against the debtor may not be employed as a professional person to represent the debtor in a Chapter 11 proceeding. *See In re Pierce*, 809 F.2d 1356 (8th Cir. 1987). I am aware of cases concluding that a professional who holds a pre-petition claim only for bankruptcy related services is not disqualified. However, that exception, if recognized, should be narrowly construed to apply only to persons who provide services in contemplation of the imminent filing of bankruptcy. *See In re Cody*, 122 B.R. 520, 524 (Bankr.N.D.Ohio 1990). This exception, for example, may extend to the preparation of the bankruptcy petition and the list of creditors, and other work done in close proximity to the filing of the bankruptcy case. On the facts of this case, it is clear that Mr. Heavey's pre-petition debt did not relate to bankruptcy services. The fact that Mr. Heavey

may have discussed the possibility of filing bankruptcy with the debtor does not render the replevin representation related to the preparation and filing of this bankruptcy case.

Mr. Heavey's explanations for his failure to abide by the Bankruptcy Code and Rules are inadequate. It is true that during the week of November 28, 1997, Mr. Heavey was retained by the debtor at a time when a motion for relief from the automatic stay was pending. Mr. Heavey prepared and filed several pleadings during that week. He was busy. It is understandable that he may have made some good faith errors by failing to file a Bankruptcy Rule 2016(b) Statement. However, Mr. Heavey knew, or should have known, that at that time he was owed money in connection with the replevin action. He also knew that this debt had to be disclosed in his Affidavit of disinterest. After his application for retention was filed, Mr. Heavey was paid $5,000.00 which he did not disclose.

■ The court may deny compensation to a person employed under 11 U.S.C. § 327(a) if at any time during the person's employment, such professional person is not a disinterested person. *See* 11 U.S.C. § 328(c). *See also In re Pierce, supra.* I conclude that in this case all compensation should be denied. I reach this conclusion based on a number of circumstances, many of which include debtor's counsel's failure to abide by the Bankruptcy Code and Bankruptcy Rules.

First, the affidavit filed in support of the application to retain counsel was false and misleading in that it did not disclose that Mr. Heavey was a creditor.

Second, the bankruptcy schedules and statement of financial affairs did not disclose that the debtor owed Mr. Heavey money, or had paid Mr. Heavey $500.00 prior to the filing of the bankruptcy case. *See* Schedule F—Creditors Holding Unsecured Nonpriority Claims; Question 9, Statement of Financial Affairs. Mr. Heavey should have reviewed the bankruptcy schedules and statement of financial affairs. He knew that he was a creditor and had received $500.00 pre-petition, and he should have

caused the debtor to file amended bankruptcy schedules and statement of financial affairs to disclose these facts.

Third, Mr. Heavey did not file a timely Bankruptcy Rule 2016(b) Statement disclosing that he was paid $500.00.

Fourth, after the filing of the bankruptcy case and after the court sustained the debtor's motion for leave to employ Mr. Heavey, he was paid $5,000.00 by the debtor. Mr. Heavey did not disclose to the court his receipt of the $5,000.00. Bankruptcy Rule 2016(b) requires that payments be disclosed within 15 days of receipt.

Fifth, Mr. Heavey is a very experienced bankruptcy practitioner. He has practiced bankruptcy within the District of Nebraska for 20 years and, in his words, has handled dozens and dozens of reorganizational cases.

Finally, this Chapter 11 case has been a total failure. A plan of reorganization has not been filed, a disclosure statement has not been filed, and the debtor has taken no substantial steps towards reorganization. Mr. Heavey's role in this case was quite limited. He entered an appearance on short notice and actively represented the debtor in opposition to a motion for relief from the automatic stay. The creditor prevailed on that motion. I acknowledge that Mr. Heavey's services were of some very limited benefit to the estate, and that his rendition of services were necessary. However, given Mr. Heavey's failure to comply with the Bankruptcy Rules governing the retention and compensation of professionals, I conclude that his application should be denied.

The Bankruptcy Code's comprehensive regulations regarding the retention and compensation of professionals is due in large part to perceived shortcomings and abuse under the Bankruptcy Act. It is a harsh remedy to deny all compensation, but it is necessary and appropriate in order to compel counsel to comply with the Code. Absent timely disclosure, the court and the Office of the United States Trustee cannot perform their oversight functions. When a professional is not disinterested, it gives an impression of impropriety and undercuts the integrity of the bankruptcy process.

Courts consider it very serious when the rules and regulations governing the retention and compensation of professionals are violated. There has even been discussion of the court's inherent authority to suspend or disbar counsel in appropriate circumstances although attorney disciplinary matters are best preserved for the independent bodies such as the bar association. *See* 9 LAWRENCE P. KING, COLLIER ON BANKRUPTCY ¶ 2016.20 (15th ed.1998).

The Application for Compensation is therefore denied. By separate order Mr. Heavey will be required to disgorge $5,000.00 by paying that amount to Mr. Arlo Remmen.